## KRAEMER *et al. v*. REVALK *et al*.

In an action against the husband alone, the homestead-right cannot be determined. Both parties must be before the Court.

The husband has not even the right of appeal in such a case, as the judgment could not affect the question of homestead.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendant, John Revalk, on the eleventh day of December, 1854, alone executed a mortgage to the plaintiffs, Kraemer and Eisenhardt, to secure the payment of a promissory note, of

four thousand dollars. Before, and at the time of the execution of the mortgage, Revalk and wife resided upon the premises. The plaintiffs brought their suit against John Revalk, to foreclose the mortgage, and defendant Jollix was made a party, as having subsequently acquired an interest in the property. John Revalk appeared, and admitted the execution of the note and mortgage, but claimed the whole premises as his homestead. The Court decreed the premises to be sold, with the exception of a portion set apart as a homestead, and the defendant John Revalk appealed. The defendant Jollix made no appearance in the Court below.

*Pixley & Smith, and Aldrich,* for Appellants.

*Sydney V. Smith* for Respondents.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The question necessary to dispose of this case, was decided in the case of John Revalk and others *v.* Kraemer and others, July 1857. The judgment in this case did not affect either Revalk or his wife, so far as the question of homestead was concerned, and he, alone, had no right to appeal. Unless both husband and wife were before the Court, no notice should have been taken as to the question of homestead.

For this reason, the appeal must be dismissed.